UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOWFIQ HEKMAT HEKMAT,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>　　　　　　　　　　Respondent. | Case No.: 25-cv-01934-AJB-SBC<br><br>**ORDER REQUIRING RESPONSE TO PETITION AND SETTING BRIEFING SCHEDULE**<br><br>**(Doc. No. 1)** |

Before the Court is Petitioner Towfiq Hekmat Hekmat's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). (Doc. No. 1.) On July 28, 2025, Petitioner, proceeding *pro se* and *informa pauperis*, filed the instant Petition against the U.S. Department of Homeland Security. (*Id.*) This order follows.

"A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. "Habeas petitions under § 2241 are subject to the screening requirements that apply to § 2254 petitions." *Portillo-Majano v. Napolitano*, No. ED CV 10-01444, 2010 WL 3787753, at *1 (C.D. Cal. Sept. 23, 2010); *see* Habeas Rule 1(b) (stating that "[t]he district court may apply any or all of these rules to a habeas corpus petition not covered by" § 2254). Under Habeas Rule 4, the Court "must

1

promptly examine" the petition and "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the prisoner." *See* Habeas Rule 4.

Petitioner, a native of Afghanistan and detainee at the Imperial Regional Detention Facility in Calexico, California, alleges he was denied an appeal before an immigration judge following a negative determination on his request for relief under the Convention Against Torture (CAT). (Doc. No. 1.) The Petition alleges he was "tortured by Taliban forces," "Taliban forces cut [him] with a knife," and the Taliban wanted to "kill [him] because [he] was helping . . . local police." (Doc. No. 1 at 6.)[1] Petitioner alleges he provided this information to an asylum officer during a CAT interview but received a negative determination. (*Id.* at 2, 6.) Petitioner wishes to appeal this determination before an immigration judge. (*Id.*) However, Petitioner provides that he has been told that "there is no such review for your case," and "[y]ou will be deported back to Afghanistan." (*Id.* at 6.) Petitioner alleges that he has repeatedly requested to have the negative CAT determination reviewed before an immigration judge but has been denied such an appeal in violation of 8 C.F.R. § 208.31.

Having reviewed the Petition, the Court finds that summary dismissal is unwarranted at this time. *See Kourteva v. INS*, 151 F. Supp. 2d 1126, 1128 (N.D. Cal. 2001) ("Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.").

Accordingly, the Court **ORDERS** as follows:

1. The Clerk of the Court must **SERVE** a copy of this Order and the Petition on the Respondent by serving the United States Attorney for the Southern District of California, or his authorized representative.

---

[1] Citations to the record refer to the CM/ECF system page number stamped in blue at the top of each page rather than the page numbers at the bottom of the filing.

2.      Respondent must file a response to the Petition on or before **September 5, 2025**, showing cause as to why the Petition should not be granted. The response must include all documentation, including orders and transcripts, relevant to the determination of the issues raised in the Petition. The response must address the necessity of an evidentiary hearing on the Petition. Respondent must serve a copy of their response upon Petitioner concurrently with the filing.

3.      Petitioner may, but is not required, to file a traverse in support of his Petition no later than **October 3, 2025**.

After briefing is complete, the Court will take the matter under submission and without oral argument pursuant to Local Civil Rule 7.1(d)(1), unless the Parties are notified otherwise.

**IT IS SO ORDERED.**

Dated: August 8, 2025

Hon. Anthony J. Battaglia
United States District Judge